# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39734 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Danber S. ALBARDA**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 7 July 2021

————————————

*Military Judge:* W. Shane Cohen.

*Approved sentence:* Dishonorable discharge, confinement for 6 years, and reduction to E-1. Sentence adjudged on 8 March 2019 by GCM convened at Fort George G. Meade, Maryland.

*For Appellant:* Major Alexander A. Navarro, USAF.

*For Appellee:* Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

This case was originally submitted for our review with Appellant alleging multiple assignments of error. On 22 February 2021, we issued our opinion in Appellant's case and concluded that the approved findings and sentence were correct in law and fact, and no error materially prejudicial to the substantial

rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, we affirmed the findings and sentence. *United States v. Albarda*, No. ACM 39734, 2021 CCA LEXIS 75, at *32 (A.F. Ct. Crim. App. 22 Feb. 2021) (unpub. op.). However, we also concluded that both the action and the court-martial order erroneously failed to report the deferral of the reduction in grade. Therefore, we returned the record of trial to the Judge Advocate General for remand to the convening authority to withdraw the incomplete action, substitute a corrected action, and issue a corrected court-martial order. Further, we ordered that the record of trial be returned to this court for completion of appellate review under Article 66, UCMJ. *Id.*

On 12 March 2021, both a corrected action and court-martial order were completed by the convening authority. Subsequently, the record of trial was returned to this court. We have reviewed the convening authority's corrected action and court-martial order. We find that the corrections comply with our order. On 17 May 2021, Appellant filed a brief with this court and raised one additional issue for our consideration: whether Appellant's court-martial conviction, which had no unanimity requirement, is invalid in light of the United States Supreme Court's decision in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), that the Sixth Amendment[1] requires unanimous verdicts for federal and state criminal trials.[2] We have carefully considered Appellant's contention and find it does not require further discussion or warrant relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).[3]

Upon further review, the approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[1] U.S. CONST. amend. VI.

[2] Appellant raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] "[T]here is no Sixth Amendment right to trial by jury in courts-martial." *United States v. Easton*, 71 M.J. 168, 175 (C.A.A.F. 2012) (citations omitted); *see also Ex parte Quirin*, 317 U.S. 1, 45 (1942); *Ex parte Milligan,* 71 U.S. 2, 123 (1866); *United States v. McClain*, 22 M.J. 124, 130 (C.M.A. 1986). Therefore, there can be no requirement for a unanimous jury verdict at courts-martial under that amendment.

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court